[Cite as *State v. Stump*, 2014-Ohio-1706.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellee | |
| -vs- | |
| | Case No. 13-CA-0006 |
| MATTHEW T. STUMP | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of
Common Pleas, Case No. 12-CR-0090


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      April 17, 2014


APPEARANCES:


For Plaintiff-Appellee            For Defendant-Appellant


JOSEPH A. FLAUTT            DEBORAH N. FRIES
Prosecuting Attorney            Gottlieb, Johnston, Beam &
111 North High Street            Dal Ponte, P.L.L.
P.O. Box 569            320 Main St., P.O. Box 190
New Lexington, Ohio 43764-0569            Zaneslville, Ohio 43702-0190

*Hoffman, P.J.*

{¶1} Defendant-appellant Matthew Stump appeals his conviction entered by the Perry County Court of Common Pleas on one count of breaking and entering, in violation of R.C. 2911.13(A), and theft, in violation of R.C. 2913.02. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 20, 2012, Appellant knocked on the door of a house near an old barn. When he received no answer, he proceeded to enter the barn. He then loaded materials from the barn, including pots and pans and bobsleds, into the bed of his truck.

{¶3} A neighbor, who was related to the barn's owner, witnessed Appellant loading the materials into his truck and approached Appellant. The witness called the barn's owner and law enforcement.

{¶4} Appellant was charged with breaking and entering, in violation of R.C. 2911(A), and theft, in violation of R.C. 2913.02. The matter proceeded to jury trial, and the jury returned a verdict of guilty on both counts. The trial court sentenced Appellant accordingly.

{¶5} Appellant now appeals his conviction on breaking and entering, assigning as error:

{¶6} "I. THE EVIDENE [SIC] AT TRIAL WAS INSUFFICIENT TO SUPPORT THE JURY'S GUILTY VERDICTS AGAINST THE APPELLANT AS TO THE CHARGED BREAKING AND ENTERING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶7}** R.C. 2911.13 defines the offense of breaking and entering as,

**{¶8}** "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.

**{¶9}** "(B) No person shall trespass on the land or premises of another, with purpose to commit a felony.

**{¶10}** "(C) Whoever violates this section is guilty of breaking and entering, a felony of the fifth degree."

**{¶11}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered'." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶12}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶13} Appellant maintains the State did not prove stealth or deception to gain entrance to the barn; rather, Appellant entered the barn in broad daylight in open view. Appellant argues he did not utilize force to open the barn door.

{¶14} The owner of the barn at issue testified at trial the small door through which Appellant entered was always secured from the inside with wire and chain. He testified access to the small door could be gained from other open areas of the barn. He stated the small door was secured the last time he visited the barn. The testimony of the neighbor who witnessed Appellant at the scene stated the small door was slightly open when he arrived at the scene.

{¶15} The Ninth District Court of Appeals addressed the issue raised herein in *State v. Shelly*, 9th Dist. No. 3808563, 2011-Ohio-4301,

{¶16} "Force is defined in Section 2901.01(A)(1) of the Ohio Revised Code as 'any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing.' This Court has held that opening an unlocked door can be sufficient to show force under the burglary statutes. *State v. Shirley,* 9th Dist. No. 20569, 2002 WL 5177 at *2 (Jan. 2, 2002).

{¶17} "Furthermore, there is evidence that Mr. Shelly entered the house by stealth or deception. As mentioned above, Mr. Shelly had Ms. Ickes knock on the front door and, when no one answered, he entered through the back door, which was not visible from the street. This is sufficient evidence to support the trial court's finding that Mr. Shelly entered by stealth or deception."

{¶18} Under Ohio law, the opening of a door falls within the definition of force, even if the door if unlocked. *State v. Hibbard*, 12th Dist. Nos. CA 2001-12-276, CA

2001-12,286, 2003-Ohio-707.   Additionally, to further open a door which is already partially open is considered force.  *Goins v. State* (1914), 90 Ohio St. 176.

{¶19} Based upon the above, we find Appellant's conviction for breaking and entering is not against the manifest weight nor based upon insufficient evidence.

{¶20}  The judgment of the Perry County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur