[Cite as *State v. Pearson*, 2015-Ohio-3974.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-793 |
| v. | : | (C.P.C. No. 13CR-6722) |
| Shari L. Pearson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-816 |
| v. | : | (C.P.C. No. 13CR-6723) |
| Rodriques Hammond, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on September 29, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Priya D. Tamilarasan*, for appellant Shari L. Pearson.

*Timothy Young*, Ohio Public Defender, and *Nikki Trautman Baszynski*, for appellant Rodriques Hammond.

APPEALS from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}   In these two cases that have been consolidated for purposes of this decision, defendants-appellants, Shari L. Pearson and Rodriques Hammond, both appeal from judgments of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm those judgments.

## I. Factual and Procedural Background

{¶ 2}   On the afternoon of December 17, 2013, Columbus Police Officer Ryan Fowler was patrolling an area in northern Columbus near the intersection of I-71 and Dublin-Granville Road.  In that area is a Columbus Inn & Suites motel ("the motel") that is next door to a Super 8 motel.  At that time, the motel had been closed and boarded up after it was declared a nuisance due to numerous drug and prostitution complaints.[1] Officer Fowler had parked his unmarked car in the Super 8 parking lot to watch for drug activity when he noticed a pickup truck in the Super 8 parking lot back up to the boundary of the two motels.  He saw two people, a man and a woman he later identified as appellants, get out of the truck and go to one of the motel's enclosed stairwells at the end of the building.  The stairs go up to the second floor, where there is a door that opens up to a hallway with rooms on both sides.  There is no access to the first floor from this stairwell.

{¶ 3}   Officer Fowler observed the appellants go into the stairwell but, because it was enclosed, could not see what they did inside the stairwell.  Twenty to thirty minutes later, however, the woman came out of the stairwell and returned to the truck, at which time the male driver of the truck got out and went to the same stairwell.  Within a couple minutes, the two men came out of the stairwell carrying a large item which they put in the back of the truck.  They then drove the truck out of the parking lot.  Officer Fowler contacted marked cruisers and advised them what he observed.  The marked police officers stopped the truck.  In short time, the motel's owner came to the scene and identified the large item in the truck as an AC/heating unit that is typically used in the motel industry and one that he had installed in a few of the motel's rooms.  (Tr. 53.)

{¶ 4}   After these events, Officer Fowler went back to the door at the top of the stairwell.  He had been aware that the police removed the door's handle and boarded the

---

[1] *See State ex rel. Pfeiffer v. Columbus Inn & Suites*, 10th Dist. No. 14AP-132, 2014-Ohio-4358, ¶ 2-6.

door up with screws to keep people out. This day, however, the door was not secured, the screws were not fastened, and there was a lot of trash and debris in the hallway. Officer Fowler did not go inside the hallway due to safety concerns.

{¶ 5} A Franklin County Grand Jury indicted the appellants with a single count of breaking and entering in violation of R.C. 2911.13. Both appellants entered not guilty pleas, waived their rights to a jury trial, and were tried together to the trial court. At that trial, Officer Fowler testified to the above events. The trial court found both appellants guilty of breaking and entering and sentenced them accordingly.

## II. The Appeal

{¶ 6} Both appellants appeal their convictions. Pearson assigns the following assignment of error:

> Appellant's conviction was not supported by the sufficiency of the evidence.

{¶ 7} Hammond assigns the following errors:

> I. The trial court erred in finding that the evidence presented by the state was sufficient to prove Mr. Hammond's guilt beyond a reasonable doubt.
>
> II. The trial court's guilty verdict was in error because it relied upon Mr. Hammond's exercise of his Fifth Amendment right as evidence of guilt.

{¶ 8} We first address Hammond's second assignment of error.

## A. Did the Trial Court Rely on Hammond's Decision Not to Testify?

{¶ 9} Hammond argues in his second assignment of error that the trial court impermissibly relied on his decision not to testify to find him guilty. We disagree.

{¶ 10} Specifically, Hammond notes that the trial court, during its oral decision at the end of the bench trial, wondered why the appellants would:

> go into that closed motel with a cluttered and dangerous hall and stairway, stay 15 minutes, give or take, if not to do a theft? You know, then by coincidence they walk out with this bulky unit, put it in their truck and drive away, and there's no colorable explanation about why, other than that it was as a course of criminal conduct.

(Tr. 90.)

{¶ 11} The trial court also stated that:

> It's an important fact that repeatedly Officer Fowler said that he had eyes on the defendants and on the vehicle from the outset. There's no testimony that they carried any heating or air-conditioning system into the motel or carried any other bulky object in, suggesting that they somehow took it in there, changed their mind and brought it back out.

(Tr. 89.)

{¶ 12} Hammond argues that these comments indicate that the trial court relied on his silence in finding him guilty. We disagree.

{¶ 13} We first note that Hammond was tried to the trial court in a bench trial. In reviewing a bench trial, "an appellate court presumes that a trial court considered nothing but relevant and competent evidence in reaching its verdict," and this presumption "may be overcome only by an affirmative showing to the contrary by the appellant." *State v. Wiles*, 59 Ohio St.3d 71, 86 (1991). *See also State v. Montgomery*, 10th Dist. No. 13AP-512, 2014-Ohio-4354, ¶ 20, citing *State v. Rowe*, 2d Dist. No. 25993, 2014-Ohio-3265, ¶ 45 ("Appellate courts presume that a trial court only considered relevant and admissible evidence in a bench trial.").

{¶ 14} We do not interpret the trial court's comments as referring to Hammond's decision not to testify. Instead, they refer to issues raised at trial but not sufficiently addressed to the trial court's satisfaction. *State v. Reddy*, 192 Ohio App.3d 108, 2010-Ohio-5759, ¶ 59 (8th Dist.). Absent an affirmative showing that the trial court relied on his failure to testify to find him guilty, we presume the trial court did not do so. Accordingly, we overrule Hammond's second assignment of error.

## B. The Sufficiency of the Evidence

{¶ 15} In the remaining assignments of error, both appellants contend that their convictions are not supported by sufficient evidence. We disagree.

{¶ 16} Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally adequate to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law. *Id.*

{¶ 17} In determining whether the evidence is legally sufficient to support a conviction, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. A verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001).

{¶ 18} In this inquiry, appellate courts do not assess whether the state's evidence is to be believed, but whether, if believed, the evidence admitted at trial supports the conviction. *State v. Yarbourgh*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79-80 (evaluation of witness credibility not proper on review for sufficiency of evidence); *State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 4 (noting that "in a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime.").

{¶ 19} In order to have found appellants guilty of breaking and entering in violation of R.C. 2911.13(A), the trial court had to find beyond a reasonable doubt that they trespassed in an unoccupied structure, by force, stealth, or deception, with the purpose to commit therein any theft offense or any felony.

### 1. Did Appellants Trespass with the Purpose to Commit a Theft Offense or any Felony?

{¶ 20} Hammond argues in his first assignment of error that the state did not present evidence that he actually entered the motel. He contends that the trial court inferred that he entered the motel because he carried the unit out of the stairwell and that the unit was from the motel. He argues that because the state did not prove that the unit actually came from the hotel, the trial court impermissibly stacked inferences. Similarly, Hammond argues that the state failed to prove that he committed a theft offense because it never proved who owned the unit. We reject these arguments.

{¶ 21} First, the motel owner testified that the appellants did not have permission to be in the motel. (Tr. 57-58.) Additionally, Officer Fowler testified that the appellants went into the enclosed stairwell and that he did not see them for 20 to 30 minutes. The officer did not actually see the appellants enter the motel, but contrary to Hammond's argument, the trial court did not need to make multiple or stacked inferences to conclude that they did enter the motel. The only inference needed to be made was that appellants entered the motel in those 20 to 30 minutes. This inference is more than reasonable. That reasonable inference is supported by, but not based on, the fact that when they did come out of the stairwell, they did so with an item that would typically be found in a motel room.[2] Viewing the evidence in a light most favorable to the state, reasonable minds could conclude that appellants entered the motel. *State v. Tierney*, 8th Dist. No. 78847, 2002-Ohio-2607, ¶ 51 (sufficient evidence supporting conviction includes circumstantial evidence and inferences drawn from that evidence).

{¶ 22} Hammond further argues that he could have found the unit in a dumpster earlier in the day and put it in the stairwell enclosure to hide it and that because this type of unit is so common in the motel industry, it could have come from one of the many motels in the same area as this motel. While these may be plausible, a finder of fact is not required to accept a competing inference of innocence if the same circumstances could also permit it to infer guilt beyond a reasonable doubt. *State v. Galloway*, 10th Dist. No. 03AP-407, 2004-Ohio-557, ¶ 25. Viewing the motel owner's testimony in the light most favorable to the state, reasonable minds could conclude that the unit in question came from the motel. The owner testified that the unit he saw in appellants' truck was one typically used in motels and that he had "a few" of these units installed in this motel. (Tr. 53.) He identified the unit found in the truck as one of his motel's units. Additionally, the officer testified that he observed the unit being taken out of the motel stairwell and placed into the truck. Accordingly, the state presented sufficient evidence to show that Hammond did commit a theft offense.

---

[2] We reject the claim that there is "no basis to infer the air conditioning unit came from inside the hotel rather than simply being present in the stairwell on the day in question." On the contrary, the motel owner testified that the unit was of the kind that he installed in this motel. Thus, there is evidence that supports a reasonable inference that the unit came from inside the motel.

## 2. Did Appellants Trespass by Force, Stealth, or Deception?

{¶ 23} Both appellants argue that the state failed to present sufficient evidence to prove how they trespassed. The trial court found that the appellants used "force, stealth, or deception in getting in there without permission from anyone." (Tr. 91.) We focus, as the parties do, on whether the element of force has been established.

{¶ 24} Force is defined in R.C 2901.01(A)(1) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Any force effecting entrance, however slight, satisfies this element. *In re A.C.D.*, 12th Dist. No. CA2014-06-085, 2015-Ohio-232, ¶ 12; *Goins v. State*, 90 Ohio St. 176, 181 (1914), syllabus ("Where, any force, however slight, is required to effect an entrance into a building through a doorway partly open, such act constitutes a forcible breaking."). The opening of a closed door, even if unlocked, falls under the definition of force. *State v. Stump*, 5th Dist. No. 13-CA-0006, 2014-Ohio-1706, ¶ 18; *State v. Wilson*, 8th Dist. No. 80270, 2002-Ohio-3107; *State v. Lane*, 50 Ohio App.2d 41 (10th Dist.1976). To further open a door which is already partially open is also considered force. *Stump*, citing *Goins* at 181; *State v. McLeod*, 5th Dist. No. 14 CA 53, 2015-Ohio-93, ¶ 56.

{¶ 25} Both appellants rely on *State v. Howard*, 8th Dist. No. 85500, 2005-Ohio-5135, in support of their argument that the state did not present sufficient evidence of force. We find such reliance to be misplaced. In that case, Howard was convicted of aggravated burglary, which required the state to prove, among other things, that he trespassed by force, stealth, or deception. The appellate court reversed, concluding that in the absence of any evidence indicating how Howard entered the home, the jury could not infer that Howard used force to enter. *Id.* at ¶ 12-13.

{¶ 26} Here, the state demonstrated how appellants entered the motel: through a door that the police had previously boarded up. The only question is whether they used force to gain entrance through that door. Both appellants argue that the state failed to present evidence about the condition of the door before their entry. However, based on the testimony of the officer who described the door as it existed shortly after the incident, we conclude that reasonable minds could infer that appellants had to use force, however slight, to gain entrance through the door. As noted, even the further opening of an already partially opened door constitutes force. *Stump*. It is reasonable to infer, given the

evidence in the record, that appellants would have had to exert force to at least move the door, however slightly, to gain access through the doorway. *McLeod* (element of force proven where door was left ajar, such that defendant would have had to push the door open further to gain access to office).

### 3. Conclusion

{¶ 27} The state presented sufficient evidence to allow reasonable minds to conclude that appellants were guilty of breaking and entering. Accordingly, we overrule Pearson's assignment of error and Hammond's first assignment of error.

## III. Conclusion

{¶ 28} Having overruled each of the appellants' assignments of errors, we affirm both of the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

———————————