[Cite as *State v. Cole*, 2023-Ohio-725.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220184 |
| | | TRIAL NO.   C-22CRB-1648 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| CHRISTIE COLE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 10, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} In this appeal, defendant-appellant Christie Cole challenges the sufficiency and weight of the evidence to support her conviction for misdemeanor attempted assault. Cole also argues that her sentence should be vacated and the cause remanded for a new sentencing hearing because her sentence was influenced by improper and unreliable hearsay. For the reasons set forth below, we affirm the judgment of the trial court.

## I. Procedural History

{¶2} In February 2022, Cole was charged with assault, in violation of R.C. 2903.13, a first-degree misdemeanor. Following a bench trial, Cole was found guilty of assault. The court sentenced her to 90 days in jail, with all 90 days suspended, plus two years of mental-health probation and 60 days of electronic monitoring. Although the complaint and the trial transcript reflect that Cole was charged with and found guilty of assault, the judgment entry reflects a finding of guilt and a sentence for attempted assault in violation of R.C. 2923.02, a second-degree misdemeanor. It is unclear on the record why this change was made, but neither party raises it as an error. This timely appeal followed.

## II. Factual History

{¶3} On January 29, 2022, Cole was visiting the home of Erin Kuhlman. Earlier that day, Cole and her boyfriend had gotten into an argument. Kuhlman testified that, while Cole was visiting her, Cole appeared to "pass out multiple times" and Kuhlman "had to care for her that night." Cole ended up spending the night at Kuhlman's house.

{¶4} Kuhlman testified that the next morning, Cole left the house and went

2

on a shopping spree using Kuhlman's credit cards. Kuhlman claimed that Cole returned to Kuhlman's home later that day with the goods allegedly purchased with Kuhlman's credit cards in her vehicle. Kuhlman testified that Cole appeared intoxicated because she was "slurring and falling."

{¶5} Kuhlman testified that she confronted Cole about the alleged theft, and in response, Cole threatened self-harm, first attempting to strangle herself by wrapping her own sweatshirt around her neck, then by threatening to stab herself with a steak knife she picked up off the kitchen counter. Kuhlman got the knife away from Cole before she could hurt herself and put the knife in the kitchen sink. Kuhlman testified that while her back was turned, Cole grabbed a meat fork from near the stove and stabbed Kuhlman with it twice in the left arm.

{¶6} Kuhlman testified that another member of her household got the meat fork away from Cole and held her down while Kuhlman called 9-1-1. Kuhlman treated her own wounds with antibiotic ointment and did not seek further medical attention.

{¶7} One of the responding police officers testified that after Cole was handcuffed and sitting on the front porch, she had her eyes closed and did not respond to the officer. Because she appeared to be unconscious, she was taken to the hospital.

### III. Analysis

{¶8} Cole raises two assignments of error, which we address in reverse order. In her second assignment of error, Cole argues that her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. In her first assignment of error, Cole argues that the trial court erred by relying on improper hearsay testimony when reaching its sentence.

### A. Second Assignment of Error

{¶9} In her second assignment of error, Cole challenges the sufficiency and weight of the evidence to support her conviction.

{¶10} When reviewing for sufficiency of the evidence, an appellate court asks whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. *State v. Jones*, 166 Ohio St.3d 85, 2021-Ohio-3311, 182 N.E.3d 1161, ¶ 16. Essentially, the court "asks whether the evidence against a defendant, *if believed*, supports the conviction." (Emphasis sic.) *Id.*

{¶11} A manifest-weight argument "challenges the believability of the evidence." *State v. Staley*, 1st Dist. Hamilton Nos. C-200270, C-200271 and C-200272, 2021-Ohio-3086, ¶ 10. When we review a challenge to the manifest weight of the evidence, we must "review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 1st Dist. Hamilton No. C-190508, 2020-Ohio-4283, ¶ 16, citing *State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997). The court should only reverse the conviction and grant a new trial in an "exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983), paragraph three of the syllabus.

{¶12} The complaint against Cole alleges that Cole "did [k]nowingly cause physical harm to Erin Kuhlman contrary to and in violation of Section 2903.13 of the Revised Code * * *." R.C. 2903.13(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another * * *." Cole was convicted of attempted

4

assault under R.C. 2923.02, which provides in relevant part that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A).

{¶13} The uncontroverted testimony at trial established that Cole stabbed Kuhlman in the arm twice with a meat fork. The stabbing drew blood and left an abrasion on Kuhlman's arm. Cole's intent to harm Kuhlman may be inferred from those actions. *See State v. Rike*, 1st Dist. Hamilton No. C-190401, 2020-Ohio-4690, ¶ 38 ("A defendant's intent may be inferred from all the surrounding facts and circumstances of the crime.").

{¶14} Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Cole's attempted-assault conviction was based on sufficient evidence.

{¶15} Cole argues that her conviction was against the manifest weight of the evidence because it was based solely on "Kuhlman's biased testimony." Cole contends that during her testimony, Kuhlman made unresponsive comments to questions by the lawyers and was argumentative with counsel, which caused the trial court to threaten to hold her in contempt. Therefore, Cole contends that Kuhlman's testimony was not credible.

{¶16} While the record does show that Kuhlman was argumentative with the court and counsel and made unresponsive comments during her testimony, the trial court did not lose its way in believing her uncontroverted testimony.

{¶17} Cole also claims that the court improperly considered hearsay testimony

5

that she had abused drugs the evening before the meat-fork assault. During direct examination, Kuhlman testified that her daughter told her that she saw Cole take a "handful of Xanax" on the evening of January 29. Cole objected to this statement, and the trial court properly sustained the objection. Nevertheless, Cole argues that because the trial court referred to Cole's drug use during sentencing, the improper hearsay testimony must have influenced the trial court's verdict.

{¶18} "In reviewing a bench trial, 'an appellate court presumes that a trial court considered nothing but relevant and competent evidence in reaching its verdict,' and this presumption 'may be overcome only by an affirmative showing to the contrary by the appellant.' " *State v. Pearson*, 10th Dist. Franklin Nos. 14AP-793 and 14AP-816, 2015-Ohio-3974, ¶ 13, quoting *State v. Wiles*, 59 Ohio St.3d 71, 86, 571 N.E.2d 97 (1991).

{¶19} Cole has not made an affirmative showing that the trial court considered the excluded evidence about Cole's drug use in reaching its verdict. The evidence was uncontroverted that Cole stabbed Kuhlman in the arm, causing a visible injury. After a thorough review of the record, and weighing all the evidence, we cannot say that this is one of the rare cases in which the trier of fact lost its way.

{¶20} Because Cole's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, we overrule Cole's second assignment of error.

### B. First Assignment of Error

{¶21} In her first assignment of error, Cole claims that the trial court erred by considering improper evidence when deciding her sentence. Cole argues that we should vacate her sentence and remand this cause for a new sentencing hearing.

{¶22} When the court invited Kuhlman to make a statement during sentencing, Kuhlman complained that Cole "took advantage" of her and her family, despite their kindness. In response, the court commented, "that's what people on drugs do. * * * I see it every day." Cole interprets the court's statement that "that's what people on drugs do" to mean that the court believed that Cole was using illicit drugs, and that such a belief influenced her sentence. Cole suggests that this belief was based on the excluded hearsay statement that Cole had taken a handful of Xanax on the evening of January 29.

{¶23} Cole claims that this excluded testimony could be the only basis for the trial court's belief that she had abused drugs. Further, although acknowledging that the rules of evidence do not apply to sentencing hearings, Cole argues that it was improper to consider the hearsay statement because it was not reliable. Cole argues that the statement was unreliable because during sentencing, Cole disputed the truth of the statement and informed the court that she had been prescribed Xanax and other medications for her bipolar disorder, anxiety, and depression.

{¶24} We review Cole's claim for plain error because it was not raised in the trial court. As the Ohio Supreme Court recently reiterated, "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *State v. Bailey*, Slip Opinion No. 2022-Ohio-4407, ¶ 8. Reversal under the plain-error doctrine requires the appellant to establish that (1) an error occurred; (2) the error was obvious; and (3) there is a reasonable probability that the error resulted in prejudice. *Id.* The court noted that it is the second element of this test that "gives teeth" to the limitation that "the plain-error doctrine is warranted only under exceptional circumstances to prevent

7

injustice." *Id.* at ¶ 15.

**{¶25}** The rules of evidence, including the hearsay rule, do not apply at sentencing. *State v. Fissel*, 1st Dist. Hamilton No. C-210483, 2022-Ohio-1856, ¶ 7; Evid.R. 101(C)(3). As such, "reliable hearsay statements such as victim-impact statements or presentence investigation reports are permissible in an Ohio trial court's sentencing determination." *Fissel* at ¶ 7.

> "Hearsay is considered reliable when it bears 'sufficient indicia of reliability to support its probable accuracy,' or when there is 'a reasonable probability that it is true.' " *State v. Phillips*, 12th Dist. Madison No. CA2003-03-012, 2004-Ohio-2301, ¶ 7, quoting *State v. Lee*, 128 Ohio App.3d 710, 719, 716 N.E.2d 751 (1st Dist.1998), fn. 4. Put another way, "[h]earsay can be considered reliable at sentencing where there is no indication it is false or unreliable." *State v. Halk*, 7th Dist. Mahoning No. 17 MA 0030, 2018-Ohio-984, ¶ 12.

*Id.*

**{¶26}** Even if the trial court relied on Kuhlman's hearsay statement in commenting that "that's what people on drugs do," Cole had the opportunity to challenge that belief during allocution. After hearing from Kuhlman on sentencing, the court asked Cole if she had anything to add. Cole informed the court:

> I wasn't on drugs. * * * I take Xanax, Adderall. I'm on Abilify. I was taking my medication the way I was supposed to. I never took any other. I took my two milligrams that I took, that I'm supposed to take every day. I never took a handful of pills.

**{¶27}** The trial court did not pronounce its sentence until after Cole made her

statement. Thus, to the extent that the excluded hearsay was unreliable and should not have been considered at sentencing, the trial court also heard and considered Cole's rebuttal before reaching its sentence.

{¶28} Even if the court did improperly consider Kuhlman's hearsay statements, Cole cannot show that the error resulted in any prejudice. Although Kuhlman and the state advocated for jail time, Cole requested mental-health probation. The court suspended the entire period of Cole's jail time and imposed two years of mental-health probation, as requested. Because Cole received the sentence she requested, she cannot show that any error resulted in prejudice.

{¶29} Cole's first assignment of error is overruled.

### IV. Conclusion

{¶30} For the foregoing reasons, we overrule both of Cole's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

ZAYAS and BERGERON, JJ., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.